IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-0247-JLK

GREG LOPEZ,
RODNEY PELTON, and
STEVEN HOUSE,

    Plaintiffs,

v.

JENA GRISWOLD, Colorado Secretary of State, in her official capacity, and
JUDD CHOATE, Director of Elections, Colorado department of State, in his official capacity,

    Defendants.

## PRETRIAL ORDER

### 1. DATE AND APPEARANCES

Date: Final Trial Prep Conference scheduled for June 27, 2024 at 10:30 (MDT).

Plaintiffs' Counsel: Ryan Morrison; Brett Nolan

Defendants' Counsel: Michael Kotlarczyk; Peter Baumann

### 2. JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, pursuant to 28 U.S.C. § 1343(a) and 42 U.S.C. § 1983, because Plaintiffs' claim a depravation of civil rights under U.S. Constitution, Amendment I. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants reside in the District of Colorado and all events or omissions at issue occurred in the District of Colorado.

### 3. CLAIMS AND DEFENSES

    a.    Plaintiffs' statement: The campaign contribution limits established in Section 3(1), (13), the asymmetric campaign contribution system in Section 4(5) of Article XXVIII in

1

Colorado's Constitution, and the relevant statutes and regulations enacted pursuant to these provisions, are unconstitutional under the First Amendment of the U.S. Constitution. Lopez, Pelton, and House seek an order declaring the campaign contribution limits established in Sections 3(1), (13) and the relevant statutes and regulations enacted pursuant to these provisions, are unconstitutionally low under the First Amendment. Lopez, Pelton, and House seek an order declaring the asymmetric campaign contribution system in Section 4(5), and the relevant statutes and regulations enacted pursuant to these provisions, unconstitutionally burdens Plaintiffs' First Amendment rights. Lopez, Pelton, and House seek an injunction prohibiting Griswold and Choate, and their officers, agents, employees, and all persons in active concert or participation with them from enforcing these laws. Finally, Lopez, Pelton, and House seek reasonable attorneys' fees and costs (including expert fees) under 42 U.S.C. § 1988, and such other relief as the Court finds just and proper.

  b. Defendant(s)' statement: Colorado's contribution limits are constitutional. They are closely drawn to Colorado's significant government interest in curtailing the appearance and existence of quid pro quo corruption. Additionally, Colorado's system of voluntary spending limits does not burden, let alone infringe, candidates' First Amendment rights because it enhances, rather than the restricts, the options available to candidates to finance their campaigns.

  c. Other parties' statement:   N/A

## 4. STIPULATIONS

Facts

1. Plaintiff Greg Lopez was a candidate for the 2022 Republican nomination for Governor of Colorado but was defeated in the primary election.

2. Plaintiff Rodney Pelton is the current senator for State Senate District 35, having won the 2022 general election for that seat.

3. Plaintiff Steven House contributed to numerous candidates during the 2022 election cycle.

Evidence

1. Information from Colorado's TRACER campaign finance database is self-authenticating and admissible.

Applicable Law

1. The analytical framework in *Randall v. Sorrell*, 548 U.S. 230 (2006) (plurality op.), will determine whether Colorado's individual campaign contributions are constitutional under the First Amendment.

2. Article 28 of Colorado's constitution, and its accompanying statutes and administrative regulations, govern the state's campaign finance laws. *See* Colo. Const. Art. XXVIII; CRS § 1-45-101 *et seq.*; 8 CCR 1505-6.

3. Section 3 of Article 28 establishes the state's campaign contribution limits. The limits are adjusted according to Section 3's terms and are currently established by administrative regulation 8 CCR 1505-6.

4. A candidate may accept an election cycle's individual contribution limit (*i.e.*, primary and general election limits combined) all at once. *See* 8 CCR 1505-6 § 10.17.1(i)(chart)(*)(note).

5. Colorado's current individual campaign contribution limits, set forth in 8 CCR 1505-6 § 10.17.1(b)(1) and (2) are:

    a. Governor:   $725 per election or $1,450 per election cycle (*i.e.*, primary and general election combined).

    b. Attorney General: $725 per election or $1,450 per election cycle (*i.e.*, primary and general election combined).

    c. Secretary of State: $725 per election or $1,450 per election cycle (*i.e.*, primary and general election combined).

    d. Treasurer: $725 per election or $1,450 per election cycle (*i.e.*, primary and general election combined). 8 CCR 1505-6 § 10.17.1(b)(1).

    e. State Senate: $225 per election or $450 per election cycle (*i.e.*, primary and general election combined).

    f. State House, State Board of Education, Regent of the University of Colorado, and District Attorney: $225 per election or $450 per election cycle (*i.e.*, primary and general election combined).

6. Colorado's current political party contribution limits, as established by Colo. Const. Art. XXVIII §3(d) are:

    a. Governor: $789,060 per election cycle.

    b. Attorney General: $157,805 per election cycle.

    c. Secretary of State: $157,805 per election cycle.

    d. Treasurer: $157,805 per election cycle.

    e. State Senate: $28,395 per election cycle.

    f. State House, State Board of Education, Regent of the University of Colorado, and District Attorney: $20,500 per election cycle.

7. Colorado has not identified any "special justification" for its limits on individual campaign contributions—the fifth *Randall* factor. 548 U.S. at 261.

4

8. Under Section 4(5) of Article 28, if a candidate for Governor, Attorney General, Secretary of State, Treasurer, or the legislature accepts the campaign spending limits set forth in 8 CCR 1505-6 § 10.17.1(j) and his opponent does not, then the individual contribution limits to the accepting candidate's campaign are doubled once the non-accepting candidate raises funds over ten percent of the applicable spending limit.

9. When a candidate for statewide office announces his or her candidacy, the candidate must also declare in a candidate affidavit whether he or she accepts voluntary spending limits. *See* Colo. Const. art. XXVIII, § 4(3); CRS 1-45-110(1).

10. Colorado's current voluntary spending limits, set forth in 8 CCR § 1505-6 § 10.17.1(j) are:

    a. Governor:   $3,945,300

    b. Attorney General:   $789,025

    c. Secretary of State:   $789,025

    d. Treasurer:   $789,025

    e. State Senate:   $141,975

    f. State House, State Board of Education, Regent of the University of Colorado, and District Attorney:   $102,500

11. If a candidate accepts the applicable spending limit and another candidate for the same office enters the race and refuses to accept the spending limit, then the accepting candidate may withdraw acceptance. *See* Section 4(4).

12. Whether a candidate who initially accepts, but later withdraws from the voluntary spending limits is entitled to keep any contributions above the ordinary contribution amount is neither expressly addressed in the Colorado Constitution, Colorado

5

Revised Statutes, Colorado Code of Regulations, or the Secretary of State's rules, nor been adjudicated in any proceeding in Colorado.

13. Colorado's current small donor committee contribution limits, set forth in 8 CCR 1505-6 § 10.17.1(c)(1) and (2) are:

    a. Governor:   $7,825 per election or $15,650 per election cycle (*i.e.*, primary and general election combined).

    b. Attorney General:   $7,825 per election or $15,650 per election cycle (*i.e.*, primary and general election combined).

    c. Secretary of State:   $7,825 per election or $15,650 per election cycle (*i.e.*, primary and general election combined).

    d. Treasurer:   $7,825 per election or $15,650 per election cycle (*i.e.*, primary and general election combined). 8 CCR 1505-6 § 10.17.1(b)(1).

    e. State Senate:   $3,100 per election or $6,200 per election cycle (*i.e.*, primary and general election combined).

    f. State House, State Board of Education, Regent of the University of Colorado, and District Attorney:   $3,100 per election or $6,200 per election cycle (*i.e.*, primary and general election combined).

## 5.  PENDING MOTIONS

None.

## 6.  WITNESSES

The Court ordered that witness lists are due June 17, 2024. *See* Order (ECF 89). Subject to that order and in compliance with the Court's April 4, 2024 Order (ECF 95), the Parties offer this preliminary list of witnesses, which is subject to change before the June 17, 2024 deadline.

a. Plaintiffs will call these Non-expert Witnesses:

1. **Greg Lopez**, C/O Plaintiffs' Counsel. Mr. Lopez is a Plaintiff and will testify about his general experience in Colorado politics, his experience as a candidate for Colorado public office, his experience with Colorado's contribution limits, and his standing to maintain this action.

2. **Rodney Pelton**, C/O Plaintiffs' Counsel. Mr. Pelton is a Plaintiff and will testify about his general experience in Colorado politics, his experience as a candidate for Colorado public office, his experience with Colorado's contribution limits and his standing to maintain this action.

3. **Steven House**, C/O Plaintiffs' Counsel. Mr. House is a Plaintiff and will testify about his general experience in Colorado politics, his experience as an individual contributor to candidates for Colorado public office, his experience with Colorado's contribution limits, his experience as chairman of the Colorado Republican Party, and his standing to maintain this action.

4. **Richard Wadhams**, Littleton, CO. Mr. Wadhams will testify about his general experience in Colorado politics, and his experience as chairman of the Colorado Republican Party.

5. **Benjamin Engen**, Denver, CO. Mr. Engen will explain how to mathematically adjust Colorado's contribution limits for inflation.

b. Plaintiffs will call these Expert Witnesses:

1. **Benjamin Engen**, Denver, CO. Mr. Engen will give testimony consistent with matters disclosed in his Expert Report and Expert Rebuttal Report.

7

2. **Christopher Bonneau, Ph.D**, Pittsburgh, PA. Dr. Bonneau will give testimony consistent with matters disclosed in his Expert Report and Expert Rebuttal Report.

3. **Damon Cann, Ph.D**, Logan, UT. Dr. Cann will give testimony consistent with matters disclosed in his Expert Report and Expert Rebuttal Report.

c. Plaintiffs may call this Expert Witness:

1. **David Primo, Ph.D**, Rochester, NY. Dr. Primo may give testimony consistent with matters disclosed in his Expert Report.

d. Defendants will call these Non-expert Witnesses:

1. **Stephen Bouey**, Denver, CO. Mr. Bouey will testify about Colorado's contribution limits and the treatment of volunteer services in Colorado.

2. **Bernie Buescher**, Grand Junction, CO. Mr. Buescher will testify about the effects of Colorado's contribution limits on candidates running for office.

3. **Kerry Donovan**, Edwards, CO. Ms. Donovan will testify about the effects of Colorado's contribution limits on candidates running for office.

e. Defendants may call these Non-expert Witnesses:

1. **Greg Lopez**, C/O Plaintiffs' counsel. Mr. Lopez is a Plaintiff, and may testify concerning his experiences with Colorado's contribution limits and his standing to maintain this action.

2. **Rodney Pelton**, C/O Plaintiffs' counsel. Mr. Pelton is a Plaintiff and may testify concerning his experiences with Colorado's contribution limits and his standing to maintain this action.

8

3. **Stephen House**, C/O Plaintiffs' counsel. Mr. House is a Plaintiff, and may testify concerning his experiences with Colorado's contribution limits and his standing to maintain this action.

f. Defendants will call these Expert Witnesses:

1. **Douglas Spencer, Ph.D**, Boulder, CO. Mr. Spencer will testify concerning the matters disclosed in his Expert Report, Rebuttal Expert Report, and Supplemental Report.

2. **Abby K. Wood, Ph.D**, Los Angeles, CA. Ms. Wood will testify concerning the matters disclosed in her Rebuttal Report.

g. Plaintiffs may call these rebuttal Expert Witnesses:

1. **Benjamin Engen**, Denver, CO. Mr. Engen may give testimony consistent with matters disclosed in his Expert Report and Expert Rebuttal Report.

2. **Christopher Bonneau, Ph.D**, Pittsburgh, PA. Dr. Bonneau may give testimony consistent with matters disclosed in his Expert Report and Expert Rebuttal Report.

3. **Damon Cann, Ph.D**, Logan, UT. Dr. Cann may give testimony consistent with matters disclosed in his Expert Report and Expert Rebuttal Report.

4. **David Primo, Ph.D**, Rochester, NY. Dr. Primo may give testimony consistent with matters disclosed in his Expert Report.

## 7. EXHIBITS

The Court ordered that exhibit lists are due June 17, 2024. *See* Order (ECF 89). It also Ordered Plaintiffs' rebuttal exhibit list is due June 27, 2024. *See* Status Conf., October 5, 2023. Subject to these orders and in compliance with the Court's April 4, 2024 Order (ECF 95), the

Parties <u>attach</u> a preliminary unified exhibit list to this order, which is subject to change before the June 17, 2024 deadline and excludes rebuttal exhibits.

<u>The objections contemplated by Federal Rule of Civil Procedure 26(a)(3)(B) shall be made, and the final unified exhibit list will be filed and emailed in an editable Word version to Kane_Chambers@cod.uscourts.gov no later than June 20, 2024, which is seven (7) days before the Final Trial Preparation Conference on June 27, 2024</u>, unless otherwise ordered. At that time, one court copy of the parties' proposed exhibits will be delivered to chambers and a copy will be provided to opposing counsel. *[See Pretrial and Trial Procedures Memorandum (Civil), at § V.C. An objection not so made—except for one under Federal Rule of Evidence 402 or 403—is waived unless excused by the court for good cause. See Fed. R. Civ. P. 26(a)(3)(B).]*

## 8. DISCOVERY

Discovery is complete.

## 9. SPECIAL ISSUES

None.

## 10. SETTLEMENT

Because Plaintiffs seek injunctive relief for the claim that their First Amendment rights have been and are being violated by Colorado law, and Defendants believe their regulations are lawful, there has never been a possibility of settlement.

## 11. EFFECT OF PRETRIAL ORDER

Hereafter, this Pretrial Order will control the subsequent course of this action and the trial and may not be amended except by consent of the parties and approval by the court or by order of the court <u>to prevent manifest injustice.</u> This Pretrial Order supersedes the Scheduling and

Discovery Order in the event of conflict. In the event of ambiguity in any provision of this Pretrial Order, reference may be made to the record of the Pretrial Conference to the extent reported by stenographic notes and to the pleadings.

### 12. TRIAL AND ESTIMATED TRIAL TIME/FURTHER TRIAL PREPARATION PROCEEDINGS

a. Two-week, bench trial at the U.S. Courthouse, 901 19th St., Denver, Colorado.

b. Trial Date:   July 15, 2024 at 9:00 AM (MDT).

c. Final Trial Preparation Conference Date: June 27, 2024 at 10:30 AM (MDT).

d. Deadline for motions objecting to expert witness testimony: May 1, 2024; Responses by May 15, 2024; any Reply by May 22, 2024.

e. Deadline for filing other motions *in limine*: May 1, 2024; Responses by May 15, 2024; any Reply by May 22, 2024.

f. Deadline for filing unified set of jury instructions:   N/A.

g. Deadline for optional trial brief: May 31, 2024.

h. Deadline for filing witness lists, the unified exhibit list, objections to exhibits and to designated deposition testimony and for delivering a copy of the exhibits to the court and opposing counsel:

Witness lists:   June 17, 2024

Exhibit list:   June 17, 2024

Unified Exhibit list:   June 20, 2024

Objections to exhibits:   June 20, 2024

Deadline for exhibit delivery to the court and opposing counsel: June 20, 2024

Rebuttal exhibit list: June 27, 2024

Objections to rebuttal exhibits: July 2, 2024

Deadline Rebuttal exhibit delivery to the court and opposing counsel: July 2, 2024

DATED this 18th day of April, 2024.

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE