# Exhibit A to Defendants' Motion to Supplement Written Summation

*Proposed Supplement*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00247-JLK

GREG LOPEZ,
RODNEY PELTON, and
STEVEN HOUSE,

    Plaintiffs,

v.

JENA GRISWOLD, Colorado Secretary of State, in her official capacity, and
JUDD CHOATE, Director of Elections, Colorado Department of State, in his official capacity,

    Defendants.

## DEFENDANTS' SUPPLEMENT TO WRITTEN SUMMATION

**I.  In the event the Court invalidates any provision of Amendment 27, Defendants respectfully request that the Court temporarily stay the effect of its judgment.**

For the reasons explained in Defendants' Written Summation (Doc. #122), judgment should be entered for Defendants on both of Plaintiffs' claims. But, if the Court disagrees, Defendants respectfully request that it stay the effect of its judgment for three weeks so that Defendants and other Colorado policymakers can determine how best to proceed and potentially seek emergency relief from the U.S. Court of Appeals for the Tenth Circuit. Plaintiffs do not object to a three-week stay of any injunction entered by the Court.

This Court has both express and inherent authority to stay the effect of its judgment. Fed. R. Civ. P. 62(c); *N. Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 88 (1982) (staying effect of judgment for several months to "afford Congress an opportunity" to remedy unconstitutionality); *Fonseca v. Kaiser Permanente Med. Ctr. Roseville*, 222 F. Supp. 3d 850,

875 (E.D. Cal. 2016) (staying order to enable non-prevailing party "time to seek emergency relief" from the court of appeals).

Here, if the Court invalidates part or all of Amendment 27, such a ruling may leave Colorado without enforceable campaign contribution limits. Although such absence may be temporary, the state's efforts to enact new limits may be hindered by the legislative calendar. Colorado's General Assembly adjourned *sine die* on May 7, 2025, and is not scheduled to be back in session until January 2026. New limits could also be enacted by a ballot initiative, but the next opportunity for voters to pass such an initiative would be November 2026.

Although the next state elections are not until June 2026, many candidates have already declared their candidacy for state offices and begun raising money. Currently, those candidates are subject to the contribution limits established in Article XXVIII, § 3, subject to inflation. But an injunction prohibiting the state from enforcing those limits would open a window for candidates to accept unlimited contributions without fear of enforcement from the Secretary or the Elections Division.

Any constitutional concerns raised by Amendment 27 do not require that Colorado have no contribution limits at all. Even if the Court concludes that Colorado's limits are too low to withstand First Amendment scrutiny under *Randall v. Sorrell*, 548 U.S. 230 (2006), contribution limits themselves remain constitutional. *See, e.g.*, *Buckley v. Valeo*, 424 1, 21-22 (1976). Indeed, more than three-quarters of all states have contribution limits. Trial Ex. 1. Leaving Colorado with no contribution limits during a period when the legislature is unable to act and voters are unable to pass new limits by initiative is also inconsistent with the will of Colorado's voters as expressed in Amendment 27. *See* Colo. Const. art. XXVIII, § 1.

Moreover, it would be both disorderly and chaotic to introduce a period of time in which candidates could raise unlimited contributions from individual or institutional donors. That period would likely last only temporarily until a stay is entered by the Court of Appeals or further regulation is enacted by the state. But even that temporary period could have a severely distorting effect on future elections, in which candidates who were able to accept unlimited contributions during this temporary period were able to take advantage of substantially different resources than other candidates.

And if the Court invalidates all or part of Colorado's voluntary spending limits regime, the results could be even more chaotic. As Defendants explained at length, candidates "make a strategic choice" as to whether to accept spending limits. Defs.' Written Summation (Doc. #122) at 47. A decision invalidating that provision would upset the expectations on which that decision was made, potentially placing some candidates at a strategic disadvantage through no fault of their own.

In the context of elections, orderly regulations are necessary to ensure a fair electoral process. *See generally Storer v. Brown*, 415 U.S. 724, 730 (1974) ("[T]here must be a substantial regulation of elections if they are to be fair and honest and if some sort of order, rather than chaos, is to accompany the democratic process."). To avoid chaos, Defendants respectfully request that the Court stay any judgment invalidating all or part of Amendment 27 for three weeks. Such a stay will enable Defendants and other policymakers to assess the Court's order and determine how to proceed, including whether to seek emergency relief from the Court of Appeals. Plaintiffs do not object to Defendants' requested relief.

Respectfully submitted this 16th day of May, 2025.

> PHILIP J. WEISER
> Attorney General
>
> s/ Peter G. Baumann
> *Peter G. Baumann*
> Senior Assistant Attorney General
> *Talia Kraemer*
> Assistant Solicitor General
> State Services Section
> Colorado Department of Law
> Ralph L. Carr Colorado Judicial Center
> 1300 Broadway, 6th Floor
> Denver, Colorado 80203
> Telephone:  720-508-6152
> E-Mail:  peter.baumann@coag.gov;
>    talia.kraemer@coag.gov
>
> *Attorneys for Defendants*
> *Counsel of Record

4